IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GLENNA P. FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:05-0043 |
| v. | ) | Judge Wiseman |
| | ) | Magistrate Judge Knowles |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action was filed pursuant to 42 U.S.C. § 405(g) in order to obtain judicial review of the final decision of the Commissioner of Social Security which found that Plaintiff Glenna P. Floyd has been disabled since January 22, 2002, but not prior thereto. Administrative Law Judge ("ALJ") Mack H. Cherry found that Plaintiff was capable of performing only a light work load and that, coupled with the fact that Plaintiff reached the age of fifty-five in January 2002 resulted in her eligibility for Disability Insurance Benefits ("DIB"). (Doc. No. 8 ("TR") 29.) The Commissioner awarded Plaintiff DIB beginning on January 22, 2002 as provided under Title II of the Social Security Act. United States Magistrate Judge Clifton Knowles filed a thorough thirty-nine page Report and Recommendation ("R&R") on September 26, 2006 recommending that Plaintiff's Motion be denied.

Plaintiff objects to the Magistrate's R&R (Doc. No. 16) based on the following arguments: (1) that Magistrate Judge Knowles erred in rejecting Plaintiff's argument that the ALJ erred by failing to accord controlling weight to the opinion of her treating physician Dr. Jain, and (2) that the Magistrate erred in his finding that substantial evidence supported the ALJ's determination that Plaintiff could perform a limited range of light work prior to January 22, 2002, the date she became eligible for DIB. The Court has reviewed the entire record *de novo* and, for the reasons stated below, adopts Magistrate Judge Knowles' R&R in its entirety.

Plaintiff first filed an application for DIB on November 8, 2000. At that time, Plaintiff claimed that she had been disabled since August 15, 1996 due to a back injury sustained at work, carpal tunnel syndrome in

1

both hands, tendinitis in both arms, thyroid problems, and depression. (TR 62-64.) Plaintiff's application for DIB was denied both initially and upon reconsideration. (TR 38-39; 40-41.) Plaintiff then requested and received a hearing before ALJ Mack H. Cherry. (TR 317.) At the hearing, the Plaintiff claimed that she had been disabled since January of 2000 due to back pain, a cervical disc herniation, neuropathy affecting both hands, and chronic obstructive pulmonary disease. (TR 311). The ALJ issued his decision on June 27, 2003, which was favorable to Plaintiff in part. The ALJ held that Plaintiff was entitled to DIB starting on January 22, 2002, but not prior thereto, based on the finding that prior to January 2002 Plaintiff was under the age of fifty-five and able to perform a limited range of light work. (TR 16-30.) Plaintiff filed a timely request for review of the ALJ's decision on August 12, 2003 (TR 11-12) and on March 18, 2005, the Appeals Council issued a letter declining to review the case, thus rendering the decision of the ALJ the final decision of the Commissioner. (TR 5-7). This civil action was timely filed and, under 42 U.S.C. § 405(g), this Court has jurisdiction.

Plaintiff is a fifty-nine year-old female with a high school equivalency degree. (TR 321.) Plaintiff worked as an automobile parts assembler until the plant she worked for closed and moved to Mexico in 2000. (TR 340.) In 1996, Plaintiff injured her back while working in the plant. Plaintiff's injury required her to receive back treatments but because accommodations were made for her at work, she was able to continue working at the plant up until it closed. (TR 122, 340.) Since her injury in 1996, Plaintiff has seen several physicians for pain in her lower back and numbness and pain in her arms and hands. (TR 117-310).

As to Plaintiff's first argument that ALJ Cherry erred by rejecting the opinion of Plaintiff's treating physician Dr. Jain, this Court agrees with Magistrate Judge Knowles' finding that ALJ Cherry's rejection of Dr. Jain's evaluation was justified and that ALJ Cherry gave a valid reason for this rejection. While greater weight should be given to a treating physician, if an ALJ does decide to reject the findings of a treating physician, the ALJ is required to articulate a basis for the rejection. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). Furthermore, the ALJ does not have to give controlling weight to the opinion of a treating physician if that opinion is inconsistent with other substantial evidence included in the record. See 20 C.F.R. § 416.927(d)(2) and 20 C.F.R. § 404.1527(d)(2). Based on this reasoning, Magistrate Judge Knowles found that the contradictory evidence in this case warranted ALJ Cherry's reluctance to give substantial weight to

2

Dr. Jain's findings and this Court agrees with that assessment. (R&R at 34-35).

In reaching this decision, Magistrate Judge Knowles relied on the fact that Dr. Jain not only contradicted his own previous findings, but he also contradicted the findings of numerous other physicians that had previously evaluated the Plaintiff. (R&R at 35). On February 20, 2003, Dr. Jain stated that the Plaintiff had the residual functional capacity ("RFC") for less than a full range of work at any exertion level. (TR 294-96). Yet, this statement contradicted Dr. Jain's initial evaluation of the Plaintiff that was conducted in May of 2001, wherein he stated that the Plaintiff had "normal sensation, strength, and reflexes, and full range of motion in all of her joints." (TR 255.) In addition to the contradictory nature of Dr. Jain's evaluations, the ALJ also noted that Dr. Jain did not begin seeing the Plaintiff until February of 2002, which was after Plaintiff turned fifty-five and therefore, after the time Plaintiff became entitled to benefits. (TR 2.) Moreover, the evaluations of numerous treating physicians and the many tests that were run on Plaintiff prior to January of 2002 consistently fail to show an impairment that would be expected to cause the severity of the pain alleged by Plaintiff. (TR 117-310.) Because of the overwhelming contradictory evidence in this case, this Court agrees with Magistrate Judge Knowles' finding that ALJ Cherry was justified in rejecting Dr. Jain's evaluation and the ALJ provided a valid reason for the rejection.

As to Plaintiff's second argument that there is insufficient evidence to find that the Plaintiff could perform a limited range of light work, this Court agrees with Magistrate Judge Knowles that there is sufficient evidence to support such a finding. In his R&R, Magistrate Judge Knowles points out that the ALJ must consider all of the Plaintiff's symptoms and to the extent the symptoms can reasonably be accepted as consistent with medical evidence, the ALJ must consider medical opinions from acceptable medical sources that reflect opinions regarding the nature and severity of the impairments alleged and the resulting limitations. *See* 20 C.F.R. § 404.1529 and 20 C.F.R. § 404.1527. Magistrate Judge Knowles goes on to state that "the record in this case is replete with doctor's evaluations, medical assessments, and test results, all of which were considered and discussed by the ALJ in his decisions. Moreover, the ALJ's determination that Plaintiff retained an RFC to perform light work is supported by testimony of both Plaintiff and the VE [Vocational Expert]." (R&R at 36).

Based on a review of the record and of Magistrate Judge Knowles' R&R, the Court agrees that the

evidence does support a finding that Plaintiff did have the ability to perform light work prior to January of 2002. Although Plaintiff was at times put on light duty by her physicians and there were accommodations made for her at work, it is undisputed that Plaintiff was able to continue working in her automobile parts assembly job until the plant moved to Mexico. (TR 340.) Furthermore, as previously stated, the medical evaluations of Plaintiff, prior to Dr. Jain's evaluation in February of 2003, and the numerous test results do not indicate any ailments or injuries that would support a finding that the Plaintiff was incapable of performing light work.

In her objections to the R&R, Plaintiff indicates that Magistrate Judge Knowles did not take into account the accommodations made for her condition at her previous place of employment. The Court disagrees with this assessment. ALJ Cherry and Magistrate Judge Knowles both considered the fact that Plaintiff was doing light work at her previous job due to the accommodation made at work. Based on this and the medical evaluations, ALJ Cherry and Magistrate Judge Knowles found that Plaintiff would be capable of performing light work. (R&R 37.) At Plaintiff's hearing, the VE testified that while the Plaintiff, with her current limitations, would not be able to perform the work of an automobile parts assembler, there were still 29,000 jobs available in Tennessee that would be appropriate for Plaintiff.[1] (TR 346.) This Court agrees with the finding of Magistrate Judge Knowles that there was a sufficient amount of medical evidence, along with the testimony of the Plaintiff and the VE to support the finding that Plaintiff was capable of performing light work prior to her fifty-fifth birthday**.**

After a review of the entire record and of the R&R, the Court finds Plaintiff's objections to be without merit and therefore OVERRULES the objections. The Court finds that the Magistrate Judge reached the correct conclusions in the R&R and therefore ACCEPTS and ADOPTS the Report and Recommendation

---

[1] While the Vocational Expert stated that the Plaintiff would be unable to work as an automobile parts assembler, this Court agrees with ALJ Cherry that the Plaintiff would have been able to continue her job at her current place of employment, due to the accommodations that were made on her behalf, had the plant not moved to Mexico.

4

(Doc. No. 15). For the reasons set forth therein, the Court DENIES Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 10). The Commissioner's judgment is AFFIRMED.

An appropriate order will enter.

_____
Thomas A. Wiseman, Jr.
Senior United States District Court Judge